UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARMAND EUGENE WILEY,

      Petitioner,

v.

      Case No. 3:22-cv-1300-BJD-LLL
                3:20-cr-0041-BJD-LLL

UNITED STATES OF AMERICA,

      Respondent.

_____

## **ORDER**

## **I. STATUS**

Petitioner Armand Eugene Wiley (Wiley), a federal inmate, is proceeding *pro se* on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Motion; Civ. Docs. 1, 1-1; Crim. Docs. 70, 70-1[1]). The Government filed a Response in Opposition to the Motion (Response; Civ. Doc. 3). Petitioner opted not to file a reply. *See* Civ. Doc. 4. Upon review, the Court finds that an evidentiary hearing is not warranted pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing § 2255

_____

[1] Citations to the record in the civil case will be denoted as "Civ. Doc. __," and citations to the record in the underlying criminal case will be denoted as "Crim. Doc. __."

Proceedings.[2]

## II. PROCEDURAL HISTORY

On April 29, 2019, Wiley was arrested and charged in Duval County Circuit Court case number 2019-CF-4670 with possession of controlled substances and paraphernalia, resisting a law enforcement officer with violence, battery against a law enforcement animal, giving a false name, and possession of a firearm by a convicted felon. *See* Crim. Doc. 59 at 1. He pled guilty to some of the charges and was sentenced to 36.75 months in state prison. Civ. Doc. 3-1; Crim. Doc. 59 at 2.

While the State dropped the charge of possession of a firearm by a convicted felon, Wiley was indicted in federal court on the same offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[3] *See* Crim. Doc. 1; Crim. Doc. 59 at 2. He pled guilty on June 14, 2021. Civ. Doc. 3-2; Crim. Docs. 45, 47, 48, 71.

---

[2] Rule 8(a) of the Rules Governing § 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials to determine whether an evidentiary hearing is warranted before resolving a motion under § 2255. However, "[t]he district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating that a § 2255 movant is not entitled to an evidentiary hearing "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citations omitted)).

[3] The indictment listed some of Wiley's prior convictions and gave notice that he likely qualified for an enhanced sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Crim. Doc. 1 at 1–2.

In a Presentence Investigation Report (PSR), the United States Probation Office recommended an ACCA sentence because Wiley had at least three prior convictions for serious drug offenses and/or violent felonies committed on different occasions, as follows:

- Sale or delivery of cocaine committed on February 5, 2006 (Duval County case No. 2006-CF-3845);

- Possession of cocaine committed on December 24, 2006 (Duval County case No. 2007-CF-491);

- Sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine within 1,000 feet of a church committed on January 4, 2007 (Duval County case No. 2007-CF-742);

- Resisting an officer with violence committed on June 10, 2008 (Duval County case No. 2008-CF-8557);

- Possession with intent to sell, manufacture, or deliver cocaine committed on June 6, 2012 (Duval County case No. 2012-CF-5604);

- Possession with intent to sell, manufacture, or deliver cocaine committed on May 5, 2013 (Duval County case No. 2013-CF-4257).

Crim. Doc. 57 at 7, 14–17.

At the November 18, 2021 sentencing hearing, the Court accepted the PSR without objection,[4] and sentenced Wiley to a term of 149 months and 10

---

[4] Wiley did not object to the predicate convictions on which the Government relied for the ACCA designation or the *Shepard*-approved supporting documentation either in his sentencing memorandum or at the hearing. *See* Civ. Doc. 3-3; Crim. Docs. 59, 72; *Shepard v. United States*, 544 U.S. 13, 16 (2005) (stating that when determining the nature of a prior conviction, a court "is generally limited to

days in prison followed by a term of five years of supervised release. Civ. Doc. 3-3 at 5–6, 9–10, 16–17, 23; Crim. Docs. 62, 63, 72; Crim. Doc. 64 at 1. In doing so, the Court adjusted Wiley's sentence, pursuant to § 5G1.3(b) of the United States Sentencing Guidelines, to account for the 30 months and 20 days he had already served in Duval County case No. 2019-CF-4670. Civ. Doc. 3-3 at 15–17, 22–23; Crim. Docs. 62, 63, 72. The Court also ordered Wiley's sentence to run concurrently with his remaining state sentence. Civ. Doc. 3-3 at 16–17; Crim. Docs. 62, 63, 72. Wiley did not appeal his conviction and sentence. On November 18, 2022, he timely filed the present Motion in this Court. Civ. Doc. 1 at 12; Crim. Doc. 70 at 12.

## III.  LEGAL STANDARDS

A person in federal custody may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In short, only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage

---

examining the statutory definition [of the offense from the prior conviction], charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented").

of justice will warrant relief through collateral attack. *United States v. Addonizio*, 442 U.S. 178, 184–85 (1979). The movant "bears the burden to prove the claims in his § 2255 motion." *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015); *see also Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (collecting cases).

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234–35 (11th Cir. 2004). "This rule generally applies to all claims, including constitutional claims." *Id.* However, the Supreme Court has held that the procedural default rule does not apply to ineffective assistance of counsel claims. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

To avoid a procedural bar, a petitioner "must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error," or he must demonstrate he "is actually innocent." *Id.* (citing *Bousley*, 523 U.S. at 622). The ineffective assistance of counsel may satisfy the "cause" prong of the first exception, but the claim must be a valid one. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002) ("A petitioner can establish cause by showing

that a procedural default was caused by constitutionally ineffective assistance of counsel . . . ."). Under the second exception—actual innocence—a petitioner must demonstrate his factual innocence and "show that it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner claiming ineffective assistance of counsel must show that: (1) counsel's conduct amounted to constitutionally deficient performance; and (2) counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687–88. To satisfy the "performance" prong, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness," *Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 688), which is a highly deferential standard, *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689–90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863

6

F.2d 1492, 1497 (11th Cir. 1989) (same).

As observed by the Eleventh Circuit:

[The test for ineffective assistance of counsel] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (citation omitted).

To satisfy the "prejudice" prong, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Martin*, 949 F.3d at 667 (citing *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

A court considers the totality of the evidence in determining whether the *Strickland* test has been satisfied. *Id.* at 695. If a petitioner makes an insufficient showing on one prong, the court need not reach the other prong. *Id.* at 697; *see also Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010) (stating that "a court need not address the performance prong if the petitioner cannot

meet the prejudice prong, and vice-versa"). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

## IV. DISCUSSION

### A.  Grounds One Through Three

As Ground One, Wiley alleges that in light of *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) ("*Jackson I*"),[5] his federal sentence must be vacated for prosecutorial misconduct because his prior Florida cocaine-related convictions no longer qualify as serious drug offenses under 18 U.S.C. § 924(e)(2)(A)(ii). Civ. Doc. 1-1 at 1–3; Crim. Doc. 70-1 at 1–3. As Ground Two, Wiley alleges he "is actually innocent" of his ACCA sentence because he does not have at least three prior convictions for "serious drug offenses" and/or "violent felonies," committed on occasions different from one another as

---

[5] In *Jackson I*, the Eleventh Circuit concluded that "due-process considerations require [the court] to use the iteration of the Controlled Substances Act Schedules incorporated into § 924(e)(2)(A)(ii)'s definition of 'serious drug offense' in effect when [the defendant] possessed the firearm that undergirds his federal conviction." 36 F.4th at 1300. However, *Jackson I* was vacated on September 8, 2022, *see* 2022 WL 4959314 (11th Cir.), and superseded on December 13, 2022, *see* 55 F.4th 846, 849, 855 (11th Cir. 2022) ("*Jackson II*") (holding that "the ACCA's 'serious drug offense' definition incorporates the version of the controlled-substances list in effect when the defendant was convicted of his prior state drug offense"). The Supreme Court affirmed *Jackson II* in *Brown v. United States*, 602 U.S. 101, 118, 123 (2024) (holding that "a prior state drug conviction may constitute an ACCA predicate if the drugs on the federal and state schedules matched when the state drug offense was committed").

8

clarified in *Wooden v. United States*, 595 U.S. 360 (2022). Civ. Doc. 1-1 at 4–5; Crim. Doc. 70-1 at 4–5. As Ground Three, Wiley alleges that due process considerations and the rule of lenity demand that his ACCA sentence be vacated because, as clarified in *Wooden*'s concurring opinions, the Occasion Clause of 18 U.S.C. § 924(e) is unconstitutionally vague. Civ. Doc. 1-1 at 6–7; Crim. Doc. 70-1 at 6–7.

Observing that Wiley did not raise the claims in Grounds One through Three either at the sentencing or on direct appeal, the Government argues that these claims must be denied as both procedurally defaulted and meritless. Because the Court agrees that these claims lack merit, the Court bypasses the procedural default analysis. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *see also Garrison v. United States*, 73 F.4th 1354, 1359 n.9 (11th Cir. 2023) (same).

Turning to Ground One, Wiley is not entitled to relief on his claim that his prior cocaine-related convictions no longer qualify as serious drug offenses under 18 U.S.C. § 924(e)(2)(A)(ii). This claim is premised on the Eleventh Circuit's now-vacated opinion in *Jackson I*. Pursuant to *Jackson II*, which is binding on this Court, "the ACCA's 'serious drug offense' definition incorporates the version of the controlled-substances list in effect when the defendant was convicted of his prior state drug offense." 55 F.4th at 849, 855,

9

*aff'd*, *Brown*, 602 U.S. at 123. "*Jackson II* and *Brown* make clear as a matter of law that [Wiley] was correctly sentenced as an armed career criminal." *United States v. Wilson*, No. 21-14460, 2024 WL 3175749, *2 (11th Cir. 2024).[6] As in *Jackson II*, Wiley's prior state "cocaine-related convictions occurred when both the state and federal drug schedules included ioflupane." *Wilson*, 2024 WL 3175749, at *2 (citing *Jackson II*, 55 F.4th at 861–62 & 851 n.3).[7] Because ACCA's definition of a "serious drug offense" "turn[s] on the law in effect when the defendant's prior convictions occurred," it follows that Wiley's prior state convictions under Fla. Stat. § 893.13 qualify as "serious drug offenses" under ACCA. *Jackson II*, 55 F.4th at 859, 861–62.

Similarly, Wiley is not entitled to relief on Ground Two, where he claims that he "is actually innocent" of his ACCA sentence because he does not have

---

[6] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited as persuasive on a particular point. *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[7] Wiley's prior Florida cocaine-related convictions occurred between 2006 and 2013. Crim. Doc. 57 at 7, 14–17. Since the version of the federal schedules listed ioflupane until 2015, "it makes no difference whether [Wiley's] convictions involved ioflupane or cocaine." *Jackson II*, 55 F.4th at 861 n.9; *see also Moore v. United States*, No. 8:22-cv-1415-CEH-CPT, 2025 WL 3214360, at *5 (M.D. Fla. Nov. 18, 2025) ("Under the holding in *Jackson II*, the only Florida cocaine-related drug convictions that may no longer be considered serious drug offenses under ACCA are those for which a defendant was convicted after September 11, 2015, when the federal drug schedule was changed to eliminate ioflupane, and before July 1, 2017, when the Florida drug schedule was also amended." (internal citations omitted)).

at least three predicate convictions for "serious drug offenses" and/or "violent felonies" committed on different occasions from one another. This argument lacks any merit. Because Wiley's prior Florida convictions occurred in *different years*—namely, on February 5, 2006, January 4, 2007, June 10, 2008, June 6, 2012, and May 5, 2013—he cannot make a valid argument pursuant to *Wooden* that his offenses were not committed on different occasions from one another. Crim. Doc. 57 at 7, 14–17; *Wooden*, 595 U.S. at 366, 370, 376 (finding that Wooden's "one-after-another-after-another burglary of ten units in a single storage facility occurred on one 'occasion'" on a single night for purposes of ACCA). As *Wooden* explains, "offenses separated by substantial gaps in time or significant intervening events" would not be deemed to have occurred on a single occasion for purposes of ACCA. 595 U.S. at 369.

Further, to the extent Wiley argues that the Court "could not rely on such non-elemental facts [as the dates of his prior convictions in *Shepard*-approved documents] to impose a sentence under the ACCA," Civ. Doc. 1-1 at 4,[8] the Eleventh Circuit has already rejected this argument. *See United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013) ("[D]istrict courts may

---

[8] Wiley's argument that the Government "failed to introduce any evidence" that he had committed predicate offenses on different occasions, Civ. Doc. 1-1 at 4, is contradicted by the transcript and minutes of the sentencing hearing, and the attachment thereto, *see* Civ. Doc. 3-3 at 9–10; Crim. Docs. 62, 62-1, 62-2, 62-3, 62-4, 62-5, 62-6, 62-7, 62-8, 62-9, 62-10, 62-11; Crim. Doc. 72 at 9–10.

11

determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, so long as they limit themselves to *Shepard*-approved documents."), *abrogated on other grounds by Descamps v. United States*, 570 U.S. 254 (2013); *see also United States v. Dudley*, 5 F.4th 1249, 1259 (11th Cir. 2021) (stating that in undertaking a different-occasions inquiry, "the court is limited to *Shepard*-approved sources, as only information found in such conclusive judicial records has gone through a validation process," and from those sources, the court "may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, based on its own factual findings" (internal citations and quotation marks omitted)), *cert. denied*, 142 S. Ct. 1376 (2022); *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (concluding that a defendant's argument that the district court "should not have looked at 'non-elemental facts,' the dates of his prior convictions, in *Shepard*-approved documents when deciding whether his predicate offenses were committed on different occasions" was "directly foreclosed by" *Weeks*); *United States v. Hollie*, 817 F. App'x 880, 885–86 (11th Cir. 2020) (reaffirming *Weeks* following *Descamps* and *Mathis v. United States*, 579 U.S. 500 (2016)). Therefore, Ground Two fails.

Wiley is also not entitled to relief on Ground Three, where he claims that

12

his ACCA sentence must be vacated because the different-occasions requirement in 18 U.S.C. § 924(e) (i.e., the Occasions Clause) is void for vagueness as clarified in the concurring opinions in *Wooden*. Civ. Doc. 1-1 at 6–7; Crim. Doc. 70-1 at 6–7. Wiley is mistaken. As stated previously, Wiley's prior offenses occurred on different occasions because they were committed in different years. *See Wooden*, 595 U.S. at 369 (stating that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart"). And while the concurring opinions in *Wooden* addressed the rule of lenity in the context of the Occasions Clause, these opinions do not compel a different outcome for Wiley.

According to Justice Gorsuch, "the rule of lenity demand[ed] a judgment in [Wooden's] favor," but there is no indication in the present case that "reasonable minds could differ" as to whether Wiley's crimes from his prior convictions "took place on one occasion or many." *Id.* at 388 (Gorsuch, J., concurring); *see also id.* at 376 (Sotomayor, J., concurring) (stating that "the rule of lenity provides an independent basis for ruling in favor of a defendant *in a closer case*" (emphasis added)). Even accepting Justice Gorsuch's suggestion that the majority opinion did not forbid lower courts from consulting the rule of lenity in "doubtful cases" concerning the Occasions Clause, Wiley's case is not such a "doubtful" case. *See id.* at 397. Simply put, Wiley had "fair notice" that his prior convictions from different years could

13

expose him to an enhanced sentence. *See id.* at 389–90. Moreover, as the concurring opinions in *Wooden* acknowledge, *id.* at 377–79, 392, the Supreme Court's view is that the rule of lenity applies only if "at the end of the process of construing what Congress has expressed, there is a grievous ambiguity or uncertainty in the statute." *Shaw v. United States*, 580 U.S. 63, 71 (2016) (internal quotation marks and citations omitted); *Ocasio v. United States*, 578 U.S. 282, 295 n.8 (2016) (stating the rule of lenity "applies only when a criminal statute contains a 'grievous ambiguity or uncertainty,' and 'only if, after seizing everything from which aid can be derived,' the Court 'can make no more than a guess as to what Congress intended'"); *United States v. Shabani*, 513 U.S. 10, 17 (1994) (stating the rule of lenity "applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute"). Based on the foregoing, Ground Three is denied.

## B.    Ground Four

As Ground Four, Wiley alleges his trial counsel was ineffective for failing to raise the claims in Grounds One through Three. Civ. Doc. 1-1 at 8; Crim. Doc. 70-1 at 8. First, to the extent Wiley claims his trial counsel was ineffective for failing to raise the claim in Ground One, "counsel cannot be deemed to have performed deficiently by failing to anticipate the issue raised in *Jackson*," because both *Jackson I* and *II* were decided in 2022, whereas Wiley was sentenced in 2021. *Moore*, 2025 WL 3214360, at *6. Further, to the extent

14

Wiley claims his trial counsel was ineffective for failing to raise the claims in Grounds Two and Three, counsel also cannot be deemed to have performed deficiently because these claims were premised on *Wooden*—another 2022 decision. Moreover, because all of Wiley's claims in Grounds One through Three are meritless, his counsel cannot be deemed to have performed deficiently for failing to raise meritless claims. *See Hollis v. United States*, 958 F.3d 1120, 1124 (11th Cir. 2020) ("Hollis's counsel did not perform deficiently for failing to raise a meritless objection."). In addition, Wiley cannot establish prejudice because, based on the ultimate holdings in *Jackson II*, *Brown*, and *Wooden*, he remains eligible for his enhanced sentence. Therefore, Wiley is not entitled to relief on Ground Four.

## V.  CONCLUSION

Finding Petitioner advances no argument warranting relief under 28 U.S.C. § 2255, it is hereby **ORDERED**:

1.      The Motion (Civ. Doc. 1; Crim. Doc. 70) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The **Clerk of Court** is directed to enter judgment denying the Motion and dismissing this action with prejudice, to terminate any pending motions, and to close the file.

3.      If Petitioner appeals this Order, **the Court denies a certificate of appealability**.[9] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of February, 2026.

_____
BRIAN J. DAVIS
United States District Judge

Jax-11 2/9
c:
Counsel of Record
Armand Eugene Wiley, #16224-509

---

[9] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration of the record as a whole, this Court will deny a certificate of appealability.